**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| BRIAN SIMON, *individually and on behalf of all others similarly situated,* | |
| Plaintiff, | Case No. |
| v. | |
| MRS BPO, LLC, | Class-Action Complaint and Demand for Jury Trial |
| Defendant. | |

## CLASS-ACTION COMPLAINT

Brian Simon ("Plaintiff" or "Simon"), by and through his attorneys, Kimmel & Silverman, P.C., alleges the following against MRS BPO, LLC ("MRS" or "Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA").

### JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over the FDCPA claims in this action under 15 U.S.C. § 1692k(d), which states that FDCPA actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. This Court has personal jurisdiction over Defendant because Defendant is headquartered in the state of New Jersey, with a principal place of business at 1930 Olney Ave, Cherry Hill Township, NJ 08003.

4. Furthermore, Defendant regularly conducts business in the State of New Jersey and because the occurrences from which Plaintiff's cause of action arises occurred within this State.

5. Furthermore, where Defendant is headquartered within this District and many of the events and occurrences underlying this action occurred within this District, venue is proper under 28 U.S.C. § 1391(b)(1).

## PARTIES

6. Plaintiff is a natural person residing in Chapin, South Carolina.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant MRS BPO, LLC is a corporation with principal place of business, head office, or otherwise valid mailing address at 1930 Olney Ave, Cherry Hill Township, NJ 08003.

9. Defendant contacts persons who allegedly owe debts originally owed to another alleged creditor, via telephone, the U.S. Mail, and/or the Internet in an attempt to solicit or encourage those persons to remit monies.

10. In this instance, Defendant purchased the charged-off debt originally alleged to be owed to Truist Bank.

11. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## FACTUAL ALLEGATIONS

13. Plaintiff has a telephone number, (803) XXX-0088, which he uses only as a cellular residential number.

14. On My 23, 2024, Defendant texted Plaintiff on his cell phone to collect an alleged consumer debt arising from a credit card originally owed to Truist Bank.

15. The Truist Bank account was for a consumer credit line, which Plaintiff used for personal, family and household purposes.

16. Defendant's text contained an instruction to reply to the text with "STOP" in order to opt out of future communications, which Plaintiff did on that same day.

17. Despite this written revocation of consent to be contacted, Defendant continued to send text messages to Plaintiff on at least five (5) occasions.

18. Those text messages were sent on instances including but not necessarily limited to texts include, but are not limited to June 26, 2025; June 28, 2025; July 4, 2025; July 7, 2025; and July 14, 2025.

19. True and correct copies of those text messages are copied below:







20. Once Defendant knew its texts were unwanted and were told to stop texting, all further calls and texts constitute harassment.

21. Plaintiff established a zone of privacy by instructing Defendant to stop the collection calls and texts. Defendant acknowledged the request yet nonetheless invaded Plaintiff's privacy in a manner expressly prohibited by Congress.

22. Defendant's offending texts were bothersome, disruptive and irritating to Plaintiff.

## CLASS ALLEGATIONS

23. Pursuant to Federal Rule of Civil Procedure 23(a), (b)(2) and (b)(3), Plaintiff brings this lawsuit as a class action on behalf of himself and all others similarly situated. This action satisfies the requirements of numerosity, commonality, typicality, and adequacy of representation.

24. Plaintiff seeks to represent the following classes:

> **Post cease-and-desist harassment class:** All persons in the United States who received one or more telephone calls or text messages from MRS in connection with an effort to collect a debt alleged to be owed by an individual (rather than a business), after the consumer communicated to MRS that they no longer wished to be contacted in relation to the debt, from one year before the filing of the complaint until the date of class certification.

> **Written cease-and-desist subclass:** All persons in the United States who received one or more telephone calls or text messages from or on behalf of MRS in connection with an effort to collect a debt alleged to be owed by an individual (rather than a business), after MRS' records reflect a written cease-and-desist instruction, from one year before the filing of the complaint until the date of class certification.

25. Excluded from the classes are any entity in which Defendant has a controlling interest or which has a controlling interest in Defendant, and Defendant's owners, affiliates, agents, legal representatives, predecessors, successors, assigns, and employees. Also excluded are the judge and staff to whom this case is assigned, and any member of the judge's immediate family. Plaintiff reserves the right to amend or modify the class definitions consistent with the record.

26. The putative class members' identities are readily ascertainable from Defendant's records or records within Defendant's control.

27. Plaintiff's claims are typical of the class members, as all are based on the same facts and legal theories.

28. Plaintiff will fairly and adequately protect the interests of the Classes defined in this complaint. Plaintiff will fairly and adequately protect the interests of the class members insofar and Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue this class action lawsuit. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests which might cause them not to vigorously pursue this action.

29. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules Civil Procedure because there is a well-defined community interest in the litigation.

30. Class Members are so numerous that the individual joinder of all class members is impracticable. There are no likely difficulties to be encountered in managing this case as a class action.

31. Common questions of law and fact exist to all Class Members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to the following:

a. Whether Defendant maintains an adequate internal registry of individuals who have requested not to be contacted by them;

b. Whether Defendant has adequate mechanisms to implement consumer cease-and-desist requests;

c. Whether Defendant's communications after a cease and desist request violates 15 USC § 1692d;

d. Whether Defendant's communications after a written cease-and-desist request violates 15 USC § 1692c; and

e. Whether the totality of Defendant's conduct warrants an award on the high end or low end of the statutory damages available under the FDCPA.

32. Plaintiff and the putative class members have claims arising out of Defendant's uniform course of conduct, namely improperly placing debt collection calls and text messages to Plaintiff and the putative class members after receiving requests to cease.

33. The class action mechanism is superior to other available means for the fair and efficient adjudication of this case. Each individual class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent and contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

34. Based on discovery and further investigation, Plaintiff may, in addition to moving for class certification, use modified definitions of the class, class claims, and the class period, and/or seek class certification only as to particular issues as permitted under Rule 23. Such modified definitions may be more expansive to include consumers excluded from the foregoing definitions.

35. Based on information and belief, Defendant continues to engage in the improper practices discussed above. Injunctive relief is necessary and appropriate to enjoin Defendant's conduct and to prevent irreparable harm to Plaintiff and Class members for which they have no adequate remedy at law.

**COUNT I**
**DEFENDANT VIOLATED § 1692c OF THE FDCPA**

36. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

37. Section 1692c of the FDCPA prohibits debt collectors from continuing to communicate with a consumer with respect to a debt if the consumer provides written notification that they wish for further communications to cease.

38. Plaintiff provided written notification via text message that they did not wish to receive further communications, in accordance with the instructions contained in Defendant's own initial text message.

39. However, Defendant sent Plaintiff at least five (5) additional text messages after receiving Plaintiff's written notification to cease communications.

40. Therefore, Defendant violated § 1692c of the FDCPA.

**COUNT II**
**DEFENDANT VIOLATED § 1692d OF THE FDCPA**

41. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

42. Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

43. Defendant violated §§ 1692d of the FDCPA when it placed repeated harassing text messages to Plaintiff within the one-year period preceding the filing of this Complaint, knowing at all times its calls were unwanted.

44. Because Plaintiff informed Defendant he did not wish to be contacted, Defendant's repeated texts to Plaintiff had the natural consequence of harassing, oppressing, abusing, and annoying Plaintiff, and Defendant intended that its actions have these consequences.

**Wherefore**, Plaintiff, **Brian Simon**, individually and on behalf of all others similarly situated, respectfully prays for judgment as follows:

a. Entry of an order against Defendant pursuant to Federal Rule of Civil Procedure 23(a), (b)(2) and (b)(3), certifying this action as a class action and appointing Plaintiff as the class representative;

b. Entry of an order appointing Kimmel & Silverman, P.C. as class counsel;

c. All actual damages Plaintiff suffered, as provided in 15 U.S.C. § 1692k(a)(1));

d. Statutory damages of $1,000 for the violation of the FDCPA, as provided by 15 U.S.C. § 1692k(a)(2)(A));

e. All reasonable attorneys' fees, witness fees, court costs, class administration, and other litigation costs, as provided under 15 U.S.C. § 1693k(a)(3)); and

f. Any other relief this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff, Brian Simon, demands a jury trial in this case.

//

## L.R. 11.2 CERTIFICATION

I, Jacob U. Ginsburg, Esq., counsel for Plaintiff, Brian Simon hereby certify that the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding

Respectfully submitted,

Dated: July 16, 2025

By: */s/ Jacob U. Ginsburg*

Jacob U. Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: (267) 468-5374
Email: jginsburg@creditlaw.com
teamkimmel@creditlaw.com
*Attorneys for Plaintiff, Brian Simon*